Darryl Kevin SAWYER, Petitioner—
Appellant,

v.

Richard MORGAN, WSP, Respondent—
Appellee.

No. 05–35696.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Darryl Kevin Sawyer, WSPW–Washington State Penitentiary, Walla Walla, WA, pro se.

Gregory J. Rosen, Esq., AGWA–Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Washington state prisoner Darryl Kevin Sawyer appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging the Indeterminate Sentence Review Board's ("Board") decision setting his minimum prison term at 500 months. We have jurisdiction pur-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

suant to 28 U.S.C. § 2253. We review de novo the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition, *see Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir.2004), and affirm.

The district court dismissed as untimely five claims challenging the Board's decisions establishing a minimum prison term of 500 months. Sawyer fails to raise any contentions on appeal challenging timeliness. We conclude that the district court properly dismissed these five claims as time-barred. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286–88 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

Sawyer's contention regarding his claim that the state court erred by stating that the Board had no authority to set a minimum term for murder fails, as we defer to the Washington court's interpretation of state law absent a finding that the court's interpretation was untenable or amounted to a subterfuge to avoid federal review of a constitutional violation. *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir.1989).

Sawyer's motion for appointment of counsel is denied.

**AFFIRMED.**

